Gregory NAPIER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2011–CA–002028–MR.

Court of Appeals of Kentucky.

March 16, 2012.

Discretionary Review Denied by
Supreme Court Aug. 15, 2012.

Gregory E.J. Coulson, Department of Public Advocacy, Owensboro, KY, for Appellant.

Jack Conway, Attorney General, Jeanne Anderson, Assistant Attorney General, Frankfort, KY, for Appellee.

Before ACREE, MOORE and VANMETER, Judges.

*OPINION AND ORDER*

ACREE, Judge:

The Commonwealth of Kentucky has filed a motion to dismiss this appeal as moot. Appellant filed a response arguing that being placed on deferred prosecution does not render this appeal moot and, if it does, urges this Court to consider this matter as capable of repetition, yet evading review.

Briefly, the procedural history of the case is as follows. The Daviess County Grand Jury returned an indictment on October 5, 2011, charging appellant with possession of a controlled substance in the first degree and possession of drug paraphernalia. During his October 27, 2011 arraignment, the Daviess Circuit Court established pretrial bond at $10,000.00 cash. Appellant timely filed a notice of appeal from that order pursuant to RCr[1] 4.43.

Appellant subsequently requested the Commonwealth to allow him to enter into a deferred prosecution program pursuant to KRS[2] 218A.14151(1). On November 23, 2011, the Commonwealth granted the request for a period of two years, though imposing certain conditions not relevant here. Appellant was then released from his confinement.

After his release from confinement, appellant continued to pursue his appeal

---

1. Kentucky Rules of Criminal Procedure.

2. Kentucky Revised Statutes.

which he perfected on December 5, 2011, by filing his brief. On December 14, 2011, the Commonwealth filed a motion to dismiss this appeal as moot. Appellant filed a timely response. The motion is now ripe for our review.

KRS 218A.14151(1) permits a defendant charged with a first or second offense under KRS 218A.1415 to enter a deferred prosecution program. The statute requires that the request for deferred prosecution be in writing and that the prosecutor agree to the request. KRS 218A.14151(1)(a). The defendant is not required to plead guilty or enter a plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), as a condition of applying for participation in the deferred prosecution program. KRS 218A.14151(1)(b). The defendant is required to agree to the terms and conditions set forth by the prosecutor and approved by the court. KRS 218A.14151(1)(c). The maximum length of a deferred prosecution program shall be two years. KRS 218A.14151(1)(d). If the defendant successfully completes the deferred prosecution program, the charges against the defendant shall be dismissed and all records relating to the case, including but not limited to, arrest records and records relating to the charges, shall be sealed to the extent permitted by Kentucky law and the charges will be deemed as never having occurred. KRS 218A.14151(3). Similar to a defendant being placed on probation or pretrial diversion, the defendant is released from any pretrial confinement while participating in a deferred prosecution program. Therefore, this appeal is unquestionably moot.

However, since the appellant's argument that an appeal pursuant to RCr 4.43 is viable because the underlying proceedings have not reached a final disposition is an issue that is capable of repetition, yet evading review, we shall consider that argument on its merits.

RCr 4.43 permits an appeal from a circuit court decision by a defendant who is aggrieved by a decision of the circuit court concerning the conditions of bail. However, when a defendant participates in the deferred prosecution program, he is released subject to the terms and conditions imposed upon him by the agreement among the defendant, the Commonwealth and the trial court. He is not required to also post bail.

Should appellant be charged with violating the conditions of the deferred prosecution program, the trial court, upon motion of the Commonwealth, shall hold a hearing to determine whether the defendant violated the conditions of the program. KRS 218A.14151(4). After the hearing, if the trial court finds that the appellant violated the conditions of the program, it may, with the approval of the Commonwealth, continue appellant's participation in the deferred prosecution program, change the terms or conditions for participation in the program or order the appellant removed from the program and proceed with the ordinary prosecution for the offenses as charged in the indictment. KRS 218A.14151(5). This, necessarily, would include entry, pursuant to RCr 4.00 et seq., of another order redetermining the conditions of appellant's release (or at least reimposing the previous determination), which appellant would be entitled to challenge by means of RCr 4.43.

Having considered the Commonwealth's motion to dismiss this appeal, the response filed thereto by the appellant, and being otherwise sufficiently advised, this Court ORDERS that this motion is hereby GRANTED. The above-styled appeal is hereby DISMISSED because appellant, as a current participant of a deferred prose-

cution program, is not currently subject to any order imposing a pretrial bond.

ALL CONCUR.